The Court
was of opinion, that the indictment does not sufficiently set forth any offence under either of the acts of Maryland, cited 1723, c. 16, § 11, and 1784, c. 7, § 12, and the traverser cannot be convicted thereon, or made liable to the penalties contained therein. But the indictment also states an offence at common law, and although the defendant may not be brought within the statute or statutes against the form of which the indictment concludes, the prosecutor may resort to the offence at common law; and, on this point, the Court was of opinion, that the practice of selling spirituous liquors in a public manner to negroes assembled in considerable numbers, and suffering them to drink the same in or about the house in a Sabbath day, constitutes the offence of beeping a disorderly house. See also the case of United States v. Coulter, and United States v. Prout, [ante, 203.]